IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR WADE HOWENSTINE § | | |
|    TDCJ #437793 § | | |
| v. § | | C.A. NO. C-09-247 |
| § | | |
| RICK THALER § | | |

**MEMORANDUM AND RECOMMENDATION TO**
**DENY PETITIONER'S MOTION FOR INJUNCTIVE RELIEF**

This is a habeas petition filed by a state prisoner pursuant to 28 U.S.C. § 2254. Pending is petitioner's motion for a court order against harassment. (D.E. 12). Essentially, he is seeking injunctive relief. For the reasons stated herein, it is respectfully recommended that petitioner's motion be denied.

## I. BACKGROUND

On September 21, 2009, petitioner filed this action arising from a conviction in the 347th Judicial District Court of Nueces County. (D.E. 1). On September 22, 2009, an order for service of process was ordered. Respondent has until November 25, 2009 to file an answer. (D.E. 10).

In petitioner's pending motion, he explains that he has contracted with inmate Monte Lance Heidlebaugh to assist him with his petition. (D.E. 12, at 2-3). Mr. Heidlebaugh is not a licensed attorney. Id. at 3. They are both incarcerated at the Michael Unit in Tennessee Colony, Texas.

Petitioner asserts that respondent will separate him from Mr. Heidlebaugh by transferring one of them to another unit. Id. Texas inmates cannot send mail to inmates at other Texas units. Id. Petitioner fears that he will be separated from Mr. Heidlebaugh in order to thwart his ability to timely respond to motions and other deadlines in this action. Id. at 4. He requests that respondent be prevented from relocating him. Petitioner also requests that Mr. Heidlebaugh be allowed to participate in any teleconferences or evidentiary hearings. Id. at 5-6.

## II. PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION

To obtain a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam) (citation omitted); accord Libertarian Party of Tex. v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984) (per curiam) (citation omitted); see also Parker v. Ryan, 960 F.2d 543, 545 (5th Cir. 1992) ("the requirements of rule 65 apply to all injunctions"). Injunctive relief is an extraordinary remedy that requires the applicant to unequivocally show the need

for its issuance.  See Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997) (citation omitted).  Failure to establish any of the four elements will result in the motion for injunctive relief being denied.  Guy Carpenter & Co. v. Provenzale, 334 F.3d 459, 464 (5th Cir. 2003) (citation omitted).

**A.  Petitioner Fails To Establish A Substantial Likelihood Of Success On The Merits.**

Neither petitioner nor Mr. Heidlebaugh have a constitutional right to be held at a particular prison unit.  Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996) (per curiam) (citation omitted).  The Fifth Circuit has explained that federal courts "are not to micromanage state prisons."  Gates v. Cook, 376 F.3d 323, 338 (5th Cir. 2004) (citing Bell v. Wolfish, 441 U.S. 520, 562 (1979)).  The Fifth Circuit has further noted that "'courts are ill-equipped to deal with the increasingly urgent problems of prison administration ...,' ... and that it is not 'wise ... to second-guess the expert (or any other) administrators on matters on which they are better informed.'"  Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (citations omitted).

Here, there is nothing to support petitioner's conclusory assertion that he or Mr. Heidlebaugh are about to be transferred, let alone that such a transfer would be done to thwart the petition.  Moreover, petitioner has no right to prevent any such transfer.

3

Additionally, as a pro se litigant, petitioner must personally sign everything filed in this action:

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name–or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added). The Fifth Circuit has explained that "'[t]he purpose of requiring [in Rule 11a] unrepresented parties to sign their pleadings .... was to make certain that those named as parties in an action in which there was no lawyer actually had assented to the filing of the action on their behalf.'" Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998) (citations omitted). Moreover, the Fifth Circuit also cautioned that "where the document is tendered and signed by a nonlawyer on behalf of another, then there comes into play the underlying principle itself, namely that in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." Id. (emphasis added) (citation omitted).

There is no constitutional right to representation by a lay person. Bonacci v. Kindt, 868 F.2d 1442, 1443 (5th Cir. 1989) ("We conclude that the appellant's

constitutional rights were not infringed by denying his request for representational assistance by a fellow inmate."). Moreover, petitioner has "no right to a particular prisoner's help in legal matters...." Tighe, 100 F.3d at 43 (citations omitted); see also Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988) ("The complaint about the denial of meaningful access to the courts by the denial of face-to-face meetings with other prisoners is patently frivolous."). Thus, petitioner has no right to assistance by Mr. Heidlebaugh, particularly assistance requiring attendance at a teleconference or evidentiary hearing.

Accordingly, it is respectfully recommended that petitioner has failed to establish a substantial likelihood that he would prevail on the merits of his claim

**B.   Petitioner Has Not Established A Substantial Threat That He Will Suffer Irreparable Injury If The Injunction Is Denied.**

For an injunction to issue, "[s]peculative injury is not sufficient; there must be more than an unfounded fear on the part of the applicant." Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985) (citation omitted). An "actual injury" must be certain to occur. See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (per curiam) (addressing "actual injury") (citing Lewis v. Casey, 518 U.S. 343, 351-54 (1996)); see also United States v. Emerson, 270 F.3d 203, 262 (5th Cir. 2003) ("[A] preliminary injunction will not be issued simply to prevent the possibility of some remote future injury. *A presently existing actual*

*threat must be shown.  However, ... a strong threat* of irreparable injury before trial is an adequate basis.") (emphases in original) (citation omitted).  Federal courts have repeatedly recognized that a constitutional violation "constitutes irreparable injury as a matter of law."  Springtree Apts., ALPIC v. Livingston Parish Council, 207 F. Supp. 2d 507, 515 (M.D. La. 2001) (citing Elrod v. Burns, 427 U.S. 347 (1976)); see also 11A Wright, Miller, & Kane, Federal Practice and Procedure, § 2948 (1973).

Petitioner has not provided any support for his conclusory allegation that either he or Mr. Heidlebaugh are about to be transferred.  He has no constitutional right to be held at a particular prison unit.  Similarly, he has no constitutional right to legal assistance from particular inmates.  Accordingly, it is respectfully recommended that petitioner has failed to establish a substantial threat that he will suffer irreparable injury if the injunction is denied.

**C.    Petitioner Has Not Established That The Threatened Injury To Himself Outweighs The Harm The Injunction Would Cause Defendants.**

If the injunctive relief that petitioner seeks were granted, then the TDCJ-CID would be required to take actions based on petitioner's individual preferences instead of institutional concerns about safety and efficient management of his unit.  See Wilkerson v. Stalder, 329 F.3d 431, 436 (5th Cir. 2003) ("Prison officials should be accorded the widest possible deference in the application of policies and

practices designed to maintain security and preserve internal order.") (citation omitted); see also 18 U.S.C. § 3626(a)(2) (when considering a preliminary injunction, a "court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief").

Here, petitioner's relief sought would be very problematic because prison officials would not be allowed to transfer petitioner or Mr. Heidlebaugh even if it were necessary. Such a motion barring transfer could be filed in habeas petitions and inmate civil rights actions, which in turn would greatly limit prison officials' ability to manage prison populations. Accordingly, it is respectfully recommended that petitioner has not established that the harm threatened to him if the injunction is not granted outweighs the harm to defendants.

**D.    Petitioner Has Not Demonstrated That Granting His Motion Will Not Harm The Public Interest.**

The public has a strong interest in efficient operation of prisons and prison security. See, e.g., Bacon v. Taylor, 419 F. Supp. 2d 635, 638 (D. Del. 2006) (citations omitted). Petitioner's requested relief would require courts essentially to micromanage prisons. See Bell, 441 U.S. at 562; Gates, 376 F.3d at 338. Such an approach would render both courts and prisons less efficient and effective.

Accordingly, it is respectfully recommended that petitioner fails to demonstrate that granting his motion for a preliminary injunction would not harm the public interest.

### III.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that petitioner's motion for a court order against harassment, (D.E. 12), be denied.

Respectfully this 10th day of November 2009.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).