IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| VICTOR HOWENSTINE | § | |
| | § | |
| v. | § | C.A. NO. C-09-247 |
| | § | |
| RICK THALER[1] | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION TO DISMISS**

Petitioner is a state prisoner currently incarcerated at the Michael Unit in Tennessee Colony, Texas. On September 21, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254. (D.E. 1). That same day, he filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (D.E. 3). This is construed as a memorandum in support of his petition.[2] Pending is Respondent's motion to dismiss. (D.E. 14). Petitioner filed a

---

[1] As the Director of the Texas Department of Criminal Justice, Correctional Institutions Division, Rick Thaler has custody of Petitioner and is the proper respondent regarding this habeas corpus petition. Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").

[2] Pursuant to Rule 60(b), upon a motion, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for multiple enumerated reasons. There has been no final judgment, order, or proceeding in the present litigation. Because Petitioner is acting pro se, his motion must be read indulgently. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Therefore, Petitioner's motion, filed in conjunction with his petition, will be read as a memorandum in support of his petition because it lists his complaints and supporting legal arguments.

response on December 21, 2009. (D.E. 19). For the reasons stated herein, it is respectfully recommended that Respondent's motion be granted, and this habeas action be dismissed.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was convicted of his underlying charge in the 347th Judicial District Court of Nueces County, Texas. (D.E. 1). Jurisdiction is therefore proper in this Court.

## II. BACKGROUND

On November 17, 1986, Petitioner was convicted of first degree murder in the 347th Judicial District Court of Nueces County, Texas for which he was sentenced to life in prison. (D.E. 14, Ex. A, at 3-5). He did not appeal his conviction. (D.E. 3). He asserts that he filed three grievance forms while in prison, but does not indicate when. (D.E. 3, at 82). Sometime in June 2008, he filed a state habeas petition, which was denied on November 4, 2009. (D.E. 3, at 18-19).

### III.  DISCUSSION

Petitioner raises eleven claims: (1) he gave statements, signed his plea bargain, waived his Fifth Amendment right against self-incrimination, and waived his Sixth Amendment right to a jury trial, all unwillingly, because he was deprived of food, water, sleep, and proper clothing for 13 days and was threatened that a 16-year old boy would be given the death penalty if he did not comply; (2) he was convicted with insufficient evidence; (3) he was denied his right to appeal because his attorney and the district attorney lied to him saying he did not have the right to appeal his plea agreement; (4) there is no record of either the "loss of a murder indictment," or an "Amendment of my Indictment for Information" on the court docket; (5) the search warrants in his case were illegal violations of the Fourth Amendment; (6) he had a proper defense of others defense that was not raised; (7) the district attorney cut a deal with the actual killer and used false evidence to convict Petitioner; (8) the district attorney withheld exculpatory evidence from Petitioner's attorney; (9) he received improper assistance of counsel; (10) he was never presumed innocent in court; and (11) he was illegally charged with murder a second time for the same underlying event, violating Double Jeopardy.  (D.E. 3, at 71-78).  He seeks to have Respondent turn over all documents and records from his state criminal cases, as well as respond to numerous interrogatories and document

requests.  Id. at 78-81.  Respondent asserts that Petitioner's claims are unexhausted and time-barred.  (D.E. 14, at 4, 6).

**A.   Petitioner's Claims Are Exhausted.**

A federal petition for a writ of habeas corpus filed by an inmate in state custody shall not be granted unless: 1) the inmate has exhausted his legal remedies in the state courts; 2) state corrective processes are absent; or 3) circumstances render such processes insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state.  See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted); Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982) (citations omitted).  The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions."  Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citing Picard v. Connor, 404 U.S. 270, 275-77 (1971)).  The petitioner must also present his claim in accordance with the state court's procedural rules.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted).  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's

overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan, 526 U.S. at 845 (citations omitted). In Texas, the highest court for habeas review is the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Art. 4.04; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

Here, Petitioner filed his state habeas petition sometime in June 2008. (D.E. 19, at 18). He later filed his federal habeas petition on September 21, 2009 without having received a ruling on his state petition. (D.E. 1). However, the Texas Court of Criminal Appeals denied his state petition on November 4, 2009, (D.E. 19, at 19), before this Court reviewed his federal petition.

The fact that Petitioner filed his federal petition before his state claims were exhausted does not necessarily preclude this Court from considering his federal petition. Indeed, § 2254(b)(1) requires only that a petition with unexhausted state claims cannot be *granted* by a district court; not that such a petition must be dismissed. Respondent provides no case law to support his position that a federal habeas petition that exhausts state remedies only during its pendency in federal court should be dismissed.

The Fifth Circuit has determined that if a petitioner filed his federal habeas petition before his claims have been exhausted at the state level, the district court

has discretion to either dismiss the petition or abate it until the state claims have been exhausted.  Brewer v. Johnson, 139 F.3d 491, 493 (5th Cir. 1998) (per curiam) (citing Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  While this rule does not perfectly fit the present situation – Petitioner at least filed his state petition before his federal one – it provides that not only may a court refrain from dismissing habeas claims outright because they are unexhausted at the state level, but it may even retain jurisdiction while the state court disposes of the claims.  Petitioner's claims were filed in this Court before they were exhausted at the state level, but they have since been fairly presented to, and rejected by, the Texas Court of Criminal Appeals.  See Coleman v. Thompson, 501 U.S. at 731 (explaining that the habeas exhaustion requirement is grounded in principles of comity to allow state courts to address and correct any mistakes first).  The Texas courts have had first chance to review Petitioner's claims.  Accordingly, it is respectfully recommended that Petitioner's claims have been exhausted.

**B.     Petitioner's Claims Are Time-Barred.**

    **1.     Petitioner filed his habeas petition after the AEDPA one-year limitation expired.**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year limitations period for filing a federal habeas petition in district court by a person in custody pursuant to the judgment of a state court.  28 U.S.C.

§ 2244(d)(1). That period runs from the latest of four alternative dates:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Additionally, for convictions where the limitations period expired before AEDPA's enactment on April 24, 1996, a new limitations period lasting through April 24, 1997 applies. Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998).

Nevertheless, certain actions will toll the limitation period. For example, a prisoner may not be granted federal habeas relief unless he has first sought state habeas review and been denied relief. 28 U.S.C. § 2254(b)(1). While a prisoner seeks that state review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with

>  respect to the pertinent judgment or claim is pending
>  shall not be counted toward any period of limitation
>  under this subsection.

28 U.S.C. § 2244(d)(2).  However, before a Texas prisoner files claims in state court, he must first raise those claims in a grievance with TDCJ and wait until TDCJ issues a written decision on the matter, or until 180 days have passed from the filing date.  Tex. Gov't Code § 501.008(d).  This grievance process will also toll the AEDPA one-year period if grievances were timely filed during the one-year period.  Id.; 28 U.S.C. § 2244(d)(2).

     Because Petitioner was convicted on November 17, 1986, well in advance of the enactment of AEDPA, his limitations period for filing a federal habeas petition expired on April 24, 1997.  He filed his state habeas petition in June 2008, more than eleven years after the deadline.  Therefore, the petition did not toll the limitations period.  Additionally, Petitioner's grievances could not have tolled the limitations period long enough to extend it until June 2008.  Petitioner does not state when he filed his grievances, but in the best possible scenario for him, he would have filed the last one on April 24, 1997 – the last day of his limitations period.  Pursuant to state law, a grievance filed on that date would toll the period at most 180 days, till October 21, 1997.  This date still falls far short of Petitioner's June 2008 filing.  Accordingly, it is respectfully recommended that Petitioner filed his federal petition after the AEDPA limitations period expired.

### 2. Petitioner is not entitled to equitable tolling.

The decision to invoke equitable tolling is within the discretion of the district court.  See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit "has held that equitable tolling of the AEDPA limitations period is available 'in rare and exceptional circumstances' where it is necessary to 'preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'"  Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)).  "To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Excusable neglect or ignorance of the law do not justify equitable tolling.  Fierro, 294 F.3d at 682.  Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the petition, or is prevented in some extraordinary way from asserting his rights.  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted).  A prisoner proceeding pro se is not a "rare and exceptional" circumstance.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000)

(citations omitted).³

Petitioner claims that his trial counsel and the district attorney both informed him that he could not appeal his conviction. He does not assert that this was an "extraordinary circumstance," but even if it was, Petitioner has not shown that he diligently pursued his rights. In Pace, the Supreme Court considered a federal habeas petitioner who sought to equitably toll the AEDPA limitations period because his sentence was illegal, his plea was invalid, and he received ineffective assistance of counsel. 544 U.S. at 418. He did not bring his claims until two of them had been ripe for ten years, and the other for five. Id. at 418-19. The Court found that the petitioner's claims were not extraordinary circumstances. Instead, because of the petitioner's delay in filing, the Court stated his "lack of diligence preclude[d] equity's operation." Id. at 419 (citation omitted).

The much shorter time period that the Pace petitioner waited to file his claims established that Petitioner was not diligent in pursuing his rights. Petitioner claims that he was misled by his trial counsel and the district attorney about his right to appeal, but that occurred almost ten years before his AEDPA limitations

---

³ Respondent suggests that equitable tolling may not apply to federal habeas petitions based on his reading of Bowles v. Russell, 551 U.S. 205 (2007). (D.E. 14, at 8-9). However, Bowles struck down a local court rule as being unconstitutional because it conflicted with a jurisdictional requirement. See Bowles, 551 U.S. at 208, 214. The Supreme Court never considered the doctrine of equitable tolling. Moreover, Respondent concedes that the Supreme Court has not struck down, and the Fifth Circuit still upholds, equitable tolling in habeas petitions. (D.E. 14, at 8). Indeed, he does not cite any case that supports his interpretation of Bowles.

period expired on April 24, 1997. At no time during that period did Petitioner re-investigate his right to appeal. This does not qualify as a diligent pursuit of rights. Furthermore, he makes no claim that his counsel or the district attorney misled him regarding his right to petition the courts for habeas relief, which is entirely separate from his right to appeal. Nevertheless, he waited more than twenty years after his conviction to file his first and only state petition. This too, can hardly be described as a diligent pursuit. Accordingly, it is respectfully recommended that Petitioner is not entitled to equitable tolling.

Accordingly, it is respectfully recommended that the petition is barred by the statute of limitations pursuant to AEDPA.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has

11

just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the

denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Petitioner's claims are time-barred. Accordingly, it is respectfully recommended that the petition be dismissed. Finally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 2nd day of February 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).